UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAMEL ARGENIS TORIBIO ABREU,

                    Plaintiff,

          -against-                                         22-CV-2512 (LTS)

THE PORTELA LAW FIRM P.C.,                          ORDER OF DISMISSAL

                    Defendant.

LAURA TAYLOR SWAIN, Chief United States District Judge:

          Plaintiff, who is currently detained at the Westchester Department of Corrections

(WDOC), brings this action invoking the Court's federal question jurisdiction, 28 U.S.C. § 1331.

He seeks to recover a retainer fee he paid to Defendant to represent him in a state court criminal

matter. By order dated June 9, 2022, the Court granted Plaintiff's request to proceed *in forma*

*pauperis* (IFP), that is, without prepayment of fees. For the reasons set forth in this order, the

Court dismisses the action for lack of subject matter jurisdiction.

## STANDARD OF REVIEW

          The Prison Litigation Reform Act requires that federal courts screen complaints brought

by prisoners who seek relief against a governmental entity or an officer or employee of a

governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's complaint,

or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which

relief may be granted, or seeks monetary relief from a defendant who is immune from such

relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir.

2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See*

Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following facts are taken from the complaint. On December 20, 2021,[1] Plaintiff hired Defendant Portela Law Firm, P.C. as legal counsel for his pending criminal case. Plaintiff agreed to pay a retainer of $15,000.00. In the ensuing weeks, after payment of the retainer fee,

---

[1] Although Plaintiff cites December 20, 2022 – a date that has not yet passed – as the date he hired the defendant, he later clarifies that the actual date is December 20, 2021. (*See* ECF 1, at 6.)

Defendant failed to notify Plaintiff of changes to his court dates and Plaintiff had difficulty contacting the law firm. On January 21, 2022, counsel from the law firm visited Plaintiff at WDOC to discuss the case. After the visit, the firm contacted Plaintiff's wife and requested a second monthly payment of $2,000.00. Plaintiff decided to end his agreement with the law firm because "there was no clear communication, and interest in representing [Plaintiff] to the best of [his] legal interest."[2] (ECF 1, at 6.)

Plaintiff brings this action seeking compensation of $17,000.00 from the Portela Law Firm, "a refund for the work that was not included between Dec 20, 2021 to Jan 21, 2022." (*Id.*)

### DISCUSSION

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S.

---

[2] Except where indicated, the Court quotes the complaint verbatim. All errors are in the original.

574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative . . . .").

## A.    Federal question jurisdiction

Plaintiff invokes federal question jurisdiction but does not allege any facts suggesting a federal claim. To provide a basis for federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction.  *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

Here, Plaintiff's allegations do not suggest a violation of any federal law. Rather, he seeks to recover the retainer fee he paid to Defendant to represent him in his state court criminal case, a contractual matter that arises under state law.

## B.    Diversity of citizenship jurisdiction

Plaintiff also does not allege facts demonstrating that the Court has diversity jurisdiction over this action to consider his state law claim. To establish diversity of citizenship jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). An individual is a citizen of the State where he is domiciled, which is defined as the place where a person "has his true fixed home . . . and to which, whenever he is absent, he has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation

4

marks and citation omitted). A corporation is a citizen "of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (a corporation's principal place of business is its "nerve center," usually its main headquarters) A law firm taking the form of a professional corporation, such as Defendant, is likewise a citizen of both the state of incorporation and of the state where it has its principal place of business. *See Saxe, Bacon & Bolan, P.C. v. Martindale-Hubbell, Inc.*, 710 F.2d 87, 89 (2d Cir.1983).

In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

Here, Plaintiff lists addresses for himself and the Defendant law firm, which appears to be a professional corporation, in New York. It therefore appears that diversity of citizenship is lacking. Yet, even if diversity of citizenship existed, it is clear that Plaintiff's claims do not exceed the statutory amount of $75,000.00. He seeks to recover from Defendant $17,000.00, a refund of the retainer fee. The Court therefore lacks diversity of citizenship jurisdiction of Plaintiff's claims.

Because Plaintiff has failed to allege facts showing that the Court has either federal question or diversity of citizenship jurisdiction of this matter, the Court dismisses Plaintiff's complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) ("A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists.").

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   July 11, 2022
         New York, New York

                                            /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge